UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re the Matter of Lloyd Jeffrey Mandel,<br><br>Debtor,<br><br>———————————————<br><br>William Goodman,<br><br><br><br>Plaintiff,<br>vs.<br><br>Lloyd Jeffrey Mandel,<br><br>Defendant. | Case No. 25-02018<br><br>Chapter 7<br><br>Honorable Michael B. Slade<br><br>Adversary Proceeding No. 25-00150 |

### AMENDED COMPLAINT TO DETERMINE NON-DISCHARBILITTY OF DEBT

NOW COMES, William Goodman ("Plaintiff"), for his Amended Complaint against the Defendant Lloyd Jeffrey Mandel ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. Defendant filed a Voluntary Petition under 11 U.S.C § 727 in the United States Bankruptcy Court for the Northern District of Illinois on February 10, 2025.

2. The first date set for the § 341 (a) meeting of creditors was March 6, 2025.

3. The deadline for objecting to discharge is May 5, 2025.

4. This action is commenced within the 60 days of the first date set for the meeting of creditors as prescribed by the Bankruptcy Code.

5. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157

1

and 11 U.S.C. § 523.

6. This is a core proceeding over which this Court has jurisdiction under Title 28 U.S.C. § 157(b).

## THE PARTIES

7. At all times relevant hereto Plaintiff was licensed with the Illinois Department of Financial and Professional Regulation as a Funeral Director and embalmer.

8. At all times relevant hereto Plaintiff was licensed with the Illinois Department of Insurance as an insurance producer.

9. Plaintiff has worked in the funeral industry for relatively 30 years.

10. During his 30 years of working in the industry, Plaintiff developed significant and extensive professional business contacts.

11. During the extensive time which Plaintiff worked in the industry he developed a significant and extensive client base to the extent that he had to open his own funeral business so as to service his clients.

12. Plaintiff became licensed as a life insurance agent to sell funeral "preneed" policies to his clients.

13. Plaintiff functioned as a licensed insurance agent to sell "preneed" funeral policies to his clients all throughout his career including while he worked for Mural Funeral Group LLC.

14. At all times relevant times, Defendant Mandel was the sole managing member of Mural Funeral Group LLC dba Mitzvah Memorial Funeral, an Illinois Limited Liability Company.

15. At all times relevant hereto, Mural Funeral Group LLC is an Illinois Limited Liability Company dba Mitzvah Memorial Funeral with 3100 Dundee Rd, Suite 801, Northbrook, Illinois, as its principle place of business.

16. At all times relevant hereto Mural Funeral Group LLC dba Mitzvah Memorial Funeral is in the business of providing funeral, preparation of deceased remains and related services to the public.

17. At certain times relevant hereto, Plaintiff sustained damages resulting from the actions of Defendant Mandel as sole managing member of Mural Funeral Group LLC dba Mitzvah Memorial Funeral.

18. Defendant is the debtor in this chapter 7 adversary proceeding.

19. Plaintiff is a creditor of defendant by virtue of the following facts:

## UNDISPUTED FACTS

20. Upon information and belief, Defendant Mandel has always been the sole managing member of Mural Funeral Group LLC.

21. In 2011 Plaintiff began working with Defendant Mandel as an employee of Mural Funeral Group LLC dba Mitzvah Memorial Funeral.

22. In 2014, Defendant Mandel began soliciting Plaintiff to become a partner in the funeral business of Mural Funeral Group LLC.

23. On January 1, 2015 Plaintiff signed with Mural Funeral Group LLC an Amended Operating Agreement and received 10% membership interest in Mural Funeral Group LLC. A true and correct copy of said Amended Operating Agreement is attached hereto as Exhibit 1 and incorporated by reference.

24. Upon signing the Amended Operating Agreement, Plaintiff was required to give a capital contribution of $1000 and make a monthly contribution of $500 to Mural Funeral Group LLC.

25. On January 1, 2015 upon Plaintiff signing Mural Funeral Group LLC's Amended

3

Operating Agreement, Defendant Mandel had 45% membership interest, Cheri Mandel (Defendant Mandel's then current wife) had 45% and Plaintiff had a 10% membership interest in Mural Funeral Group LLC.

26. Plaintiff remained to be an employee of Mural Funeral Group LLC which was separate from the 10% membership interest he received as a member of Mural Funeral Group LLC on January 1, 2015.

27. Upon the signing of the Amended Operating Agreement on January 1, 2015, a $500 deduction was taken from Plaintiff's paycheck up until January 1, 2023 when Defendant Mandel told Plaintiff that he was paid up and no further deduction would be necessary.

28. As a member of Mural Funeral Group LLC, Plaintiff has made numerous requests for an accounting from Defendant Mandel but with each request, never was an accounting provided by Defendant Mandel as managing member of Mural Funeral Group LLC.

29. As a member of Mural Funeral Group LLC, Plaintiff made numerous requests to Defendant Mandel for the filed tax returns of Mural Funeral Group LLC but with each request never were any tax returns provided by Defendant Mandel as managing member of Mural Funeral Group LLC.

30. As a member of Mural Funeral Group LLC, Plaintiff made numerous requests to Defendant Mandel to see the records and books of Mural Funeral Group LLC but with each request never were any records or books provided by Defendant Mandel as managing member of Mural Funeral Group LLC.

31. On or about June 15, 2023, a conflict arose between one of Mural Funeral Group LLC's business referrals and Plaintiff which Defendant Mandel demanded that Plaintiff, as an employee of Mural, introject himself into and to which Plaintiff refused.

4

32. On June 16, 2023 Defendant Mandel unilaterally and involuntarily terminated Plaintiff's employment with Mural Funeral Group LLC because Plaintiff failed to follow Defendant Mandel's direction.

33. On June 21, 2023, Plaintiff, as a member of Mural Funeral Group LLC, issued a written request to Defendant Mandel, as managing member of Mural Funeral Group LLC dba Mitzvah Memorial Funerals for the inspection and copying of records of Mural Funeral Group LLC.

34. To date, Defendant Mandel as managing member of Mural Funeral Group LLC has not complied with Plaintiff's June 21, 2023 request for the inspection and copying of records of Mural Funeral Group LLC.

35. Plaintiff filed on September 12, 2023 in the Circuit Court of Cook County a civil action for Injunctive Relief, Breach of Fiduciary Duty, Tortuous Interference with a Business Expectancy, Accounting, Breach of Operating Agreement and Judicial Dissolution of a Limited Liability Company. A true and correct copy of said Complaint filed in the Circuit Court of Cook County *William Goodman v Lloyd Mandel and Mural Funeral Group LLC 2023CH08120* is attached hereto as Exhibit 2 and incorporated by reference.

36. Plaintiff brings this action for the damages sustained as a result of the Defendant's maliciously wrongful acts and conduct in his fiduciary capacity as managing member of Mural Funeral Group LLC dba Mitzvah Memorial Funerals.

## COUNT I

### FRAUD AS A FIDUCUARY AND BREACH OF FIDUCIARY DUTY

37. Plaintiff incorporates, adopts, restates and realleges paragraphs 1 through 36 of the Complaint as fully set forth herein.

38. This is an adversary proceeding to determine the dischargeablity of a debt.

5

39. Under Count I of this Complaint, the Defendant is indebted to Plaintiff in the sum of $175,000 on a debt for fraud as a fiduciary as follows:

40. The Amended and Restated Operating Agreement of Mural Funeral Group LLC states in part:

> **Section 6.12 Manager's Fiduciary Duties**
>
> Each Manager owes to the Company the fiduciary duties of care stated below.
>
> Subject to Section 19.01 and Section 19.02, each Manager **owes to the Company and the other Managers the duty to refrain from engaging in grossly negligent or reckless conduct, intentional, misconduct, or a knowing violation of law**.........

[Emphasis added] A true and correct copy of said Amended Operating Agreement is attached hereto as Exhibit 1 and incorporated by reference.

41. At all times relevant, Defendant Mandel was and continues to be the Managing Member of Mural Funeral Group LLC.

42. Pursuant to the Amended Operating, Defendant Mandel because he is the Managing Member of Mural Funeral Group LLC owes a fiduciary duty to Mural Funeral Group LLC.

43. Defendant Mandel because he is the Managing Member of Mural Funeral Group LLC owes a fiduciary duty to Plaintiff as a member of Mural Funeral Group LLC.

44. Defendant Mandel would frequently disappear without notice from the business and hand over funeral services and other obligations he had to Plaintiff or other available employees to handle in his absence.

45. Soon it became apparent to the Plaintiff, the other members of Mural Funeral Group LLC dba Mitzvah Memorial Funerals and other employees that Defendant Mandel had a gambling problem. A true and correct copy of said of a text sent from Defendant Mandel's then current wife and only other member of Mural Funeral Group LLC to Plaintiff is attached hereto as Exhibit 3 and incorporated by reference.

6

46. In the summer 2012, Defendant Mandel abandoned the business for three months to play in gambling tournaments in Las Vegas.

47. Under information and belief Defendant Mural Funeral Group LLC received a loan between $1,000,000 and $2,000,000.00 to use for COVID-19 related matters which Defendant Mandel used to purchase stocks instead of using the loan for COVID-19 related matters for the Company. A true and correct copy of said Schwab Account is attached hereto as Exhibit 4 and incorporated by reference.

48. Defendant had the Schwab stock account registered to the following address:

> Mural Funeral Group LLC
> 1425 County Lane
> Deerfield IL 60015

Refer to Exhibit 4.

49. This is Defendant's personal address at the time and not Mural Funeral Group LLC's Address of 3100 Dundee Rd., Suite 801, Northbrook, Illinois.

50. Defendant intentionally registered the Schwab stock account to Defendant's personal address in Deerfield, Illinois to conceal from Plaintiff that Defendant used the SBA loan for investment purposes and not for its intended business purpose use.

51. During the late spring of 2020, Defendant Mandel purchased a $30,000 automobile for his wife, a $60,000 speedboat and a $40,000.00 home swim spa with Company funds against Plaintiff's protest.

52. In the winter of 2021, Cheri Mandel, Defendant's then current wife, resigned from Mitzvah Memorial Funerals as Funeral Director but yet Defendant Mandel kept paying her an annual salary of $70,000.

53. In March of 2021, Defendant Mandel ceased to give Plaintiff his proportional

disbursements of withdrawals Defendant Mandel made from the company in accordance with Plaintiff's 10 % Membership Interest in Defendant Mural Funeral Group LLC.

54. On September 13, 2022, Plaintiff received a text from Cheri Mandel, who at that time had a 45% Membership Interest in Defendant Mural Funeral Group LLC, that Defendant Mandel "gambled away $323,000 of the Company's money". A true and correct copy of said of a text sent from another member to Plaintiff is attached hereto as Exhibit 3 and incorporated by reference.

55. Defendant has been in numerous Poker Tournaments gambling significant amounts of money. ". A true and correct copy of some of said Defendant's poker tournament wins are attached hereto as Exhibit 5 and incorporated by reference.

56. The Amended and Restated Operating Agreement of Mural Funeral Group LLC states in part:

### Section 10.01  Books and Records

The Manager shall keep books of accounts regarding the operation of the Company at the principal office of the Company or at any other place the Manager determines. The Manager shall keep the following records:

- A current list of full names and last known addresses of each past and present Manager and Member;
- A copy of the Articles of Organization (and any amendments) and copies of any powers of attorney under which any certificate has been signed;
- Copies of the Company's federal, state and local income tax returns and any reports for the most recent Taxable Years;
- Copies of this Agreement (and any amendments);
- Copies of any financial statements of the Company for the most recent Taxable Years; and
- Any other documents required by Applicable Law.

Refer to Exhibit 1.

8

57. The Amended and Restated Operating Agreement of Mural Funeral Group LLC states in part:

### Section 10.03 Financial Statements

The Company shall provide the following reports to each Member.

**(a) Annual Financial Statements**
As soon as available but no later than 60 days after the end of each Taxable Year, the Company shall provide audited consolidated balance sheets of the Company as at the end of each Taxable Year and audited consolidated statements of income, cash flows, and Members' equity for the Taxable Year. Each audited report must include a comparison of the figures for the previous Taxable Year, accompanied by certification of certified for the previous Taxable Year, accompanied by the certification of independent certified public accountants of recognized national standing selected by the Manager.

Refer to Exhibit 1.

58. Plaintiff made numerous verbal demands to Defendant Mural for an accounting, financial statements or filed tax returns of Mural Funeral Group LLC.

59. Defendant Mandel responded to numerous verbal requests made by Plaintiff by stating any written requests for an accounting, financial statements or filed tax returns of Mural Funeral Group LLC to either him or the company's attorney would result in Plaintiff's immediate termination.

60. Defendant clearly did not want Plaintiff to have access to any of Mural Funeral Group LLC's accounting, financial records, filed tax returns or cash returns despite the fact that Defendant Mandel's fiduciary duty required him to provide the same to Plaintiff.

61. The Amended and Restated Operating Agreement of Mural Funeral Group LLC states in part:

### Section 12.05 Requirements to Become an Additional Member

An Assignee or other prospective Additional Member will not become an Additional

9

Member and will not have any rights as a Member until all of the conditions, consents and procedures in this Section have been satisfied.

(a) Approval by Members and Manager
An Additional Member may only be added with the unanimous written consent of the Members and the Manager.

Refer to Exhibit 1.

62. It is upon information and belief that Defendant Mandel was selling shares of the Company to third parties. A true and correct copy of a text from Defendant Mandel selling shares of Mural Funeral Group LLC to a third party is attached hereto as Exhibit 6 and incorporated by reference.

63. Never did Plaintiff vote on the admission of ANY New Members of the Company as required by the Amended Operating Agreement.

64. Upon information and belief, Defendant Mandel was keeping the money he received for the sold shares and never was that money given to the Company for business use.

65. Defendant Mandel represented not only to Plaintiff but other employees as recent as the spring of 2023 that Defendant Mural Funeral Group LLC dba Mitzvah Memorial Funerals was valued at 3,500,000.00.

66. Defendant Mandel has clearly dissipated the money and assets of Mural Funeral Group LLC.

67. On June 21, 2023, Plaintiff, as a member of Mural Funeral Group LLC, issued a written request to Defendant Mandel, as managing member of Mural Funeral Group LLC dba Mitzvah Memorial Funerals for the inspection and copying of records of Defendant Mural Funeral Group LLC. A true and correct copy of Plaintiff's request and demand to inspect Mural Funeral Group LLC's books and records is attached hereto as Exhibit 7 and incorporated by reference.

68. Defendant Mandel as fiduciary and as the Managing Member of Mural Funeral Group

LLC was obligated to provide Plaintiff with the records, financial statements and accounting pursuant to the Amended and Restated Operating Agreement of Mural Funeral Group LLC dba Mitzvah Memorial Funerals.

69. The Amended and Restated Operating Agreement of Mural Funeral Group LLC states in part:

> **Section 20.10 Equitable Remedies**
>
> Each party to this Agreement acknowledges that its breach or threatened breach of any of its obligations under this Agreement would give rise to irreparable harm to the other parties and monetary damages would not be an adequate remedy. Therefore, each party to this Agreement agrees that if any party breaches or threatens to breach any of its obligations, each of the other parties to this Agreement will be entitled to equitable relief, including temporary restraining order, an injunction, specific performance, and any other equitable relief available from a court of competent jurisdiction (without any requirement to post bond). These equitable remedies are in addition to all other rights and remedies that may be available in respect of the breach.

Refer to Exhibit 1.

70. The Amended and Restated Operating Agreement of Mural Funeral Group LLC states in part:

> **Section 20.11 Attorneys' Fees**
>
> If any party to this Agreement institutes any legal cause of action-including arbitration- against another party arising out of or relating to this Agreement, the prevailing party will be entitled to the costs incurred in conducting the cause of action, including reasonable attorneys' fees and expenses and court costs.

Refer to Exhibit 1.

71. Under the duty of loyalty, as a fiduciary of Mural Funeral Group LLC, Defendant Mandel was supposed to put the success of and benefits to Mural Funeral Group LLC and its members above any personal or individual advantages.

72. Defendant Mandel, as a fiduciary, clearly breached his duty of loyalty to the Company

11

and its members by putting his advantage and interests above that of Mural Funeral Group LLC and its members.

73. Under the duty of care, Defendant Mandel was supposed to act in good faith and exercise reasonable care in carrying out his obligations to and directing the business operations of Defendant Mural Funeral Group LLC for the benefit of the Company and its members.

74. Defendant Mandel clearly breached his duty of care to the Company and its members by not acting in good faith, not exercising reasonable care in carrying out his obligations to and directing the business operations of Mural Funeral Group LLC for the benefit of the Company and its members.

75. Defendant Mandel improperly and unlawfully used the funds of Mural Funeral Group LLC for his own personal purposes and other than that for which the funds were intended thereby breaching his fiduciary duty to Mural Funeral Group LLC and its members.

76. Defendant Mandel breached his fiduciary duty to Mural Funeral Group LLC and its members by not refraining from engaging in grossly negligent, reckless conduct, intentional, misconduct or knowing pillaging the funds of Mural Funeral Group LLC.

77. Defendant Mandel intentionally concealed his misuse of funds from Plaintiff which Defendant Mandel, as the managing member of Mural Funeral Group LLC, was entrusted as a fiduciary, to manage the dealing finances and business dealings of Mural Funeral Group LLC.

78. The debt of $175,000 debt owed by Defendant to Plaintiff is nondischargeable under 523 (a)(4) of the Bankruptcy Code.

**WHEREFORE,** Plaintiff Goodman respectfully prays as follows:

A. That this Court declare the debt of $175,000 nondischargeable;

B. The entry of money judgment in the amount of $525,000 as punitive damages suffered by Plaintiff that was caused by Defendant Mandel's breach of his fiduciary duties;

C. The Plaintiff have a judgment against Defendant for $700,000:

D. Attorney fees; and

E. Any other relief as the Court may deem just and equitable.

## COUNT II
### WILFUL AND MALICIOUS TORTUOUS INTERFERENCE WITH A BUSINESS EXPECTANCY

79. Plaintiff incorporates, adopts, restates and realleges paragraphs 1 through 78 of the Amended Complaint as fully set forth herein.

80. On January 1, 2015 Lloyd Mandel, Cheri Mandel and William Goodman entered into an agreement, the Amended and Restated Operating Agreement of Mural Funeral Group LLC herein referred to as AOPA. Refer to Exhibit 1.

81. AOPA § 3.01 **Members' Interest in the Company** states:

> The Members' Interest in the Company are represented by Membership Interests that have no par value. Additional Capital Contributions will never result in Members being treated as owning different classes of Membership Interest.

Refer to Exhibit 1 pg 3 of 56.

82. AOPA § 3.02 **Schedule of Members** states:

> The Manager shall maintain a schedule of all Members and the percentage and type of Interests held by them (*Schedule of Members*). The Manager shall update the Schedule of Members upon the issuance or transfer of any Membership Interests to any new or existing Member. The Schedule of Members as of the execution of this Agreement is attached as Exhibit A.

See Exhibit 1 pg 3 of 56 and Exhibit 8 which is incorporated as reference.

83. On January 1, 2015, Plaintiff was required to give a capital contribution of $1000 and make a monthly contribution of $500 to the Funeral Group. Refer to Exhibit 8 which is incorporated by reference.

84. On January 1, 2015 the AOPA gave Lloyd Mandel 45% membership interest, Cheri Mandel 45% membership interest and William Goodman 10% membership interest in Mural Funeral Group LLC. Refer to Exhibit 8.

85. As of January 1, 2015 Plaintiff had a valid and enforceable contract that entitled him to a membership interest in Mural Funeral Group LLC. Refer to Exhibit 1.

86. As a result of the valid and enforceable contract between Plaintiff and Mural Funeral Group LLC, Plaintiff had a reasonable expectancy of having a valid business relationship with the Company. Refer to Exhibit 1 and Exhibit 8.

87. Defendant has always been the managing member of Mural Funeral Group LLC.

88. On or about June 15, 2023, a conflict arose between Mural Funeral Group LLC's business acquaintances, and Defendant demanded Plaintiff interject himself into the conflict which involved the third parties, but not himself. Refer to Exhibit 9 which is incorporated by reference.

89. On June 16, 2023 Defendant unilaterally and arbitrarily terminated Plaintiff's employment with Mural Funeral Group because Plaintiff refused to follow Defendant's direction to get involved in the personal matters of two business acquaintances which Plaintiff thought was highly inappropriate. Refer to Exhibit 9.

90. Soon after the termination of Plaintiff's employment, Defendant, as managing member of Mural Funeral Group LLC and being fully aware that Plaintiff had a valid and enforceable contract with Mural Funeral Group LLC, contacted Plaintiff to inform him that the attorney for Mural Funeral Group LLC would contact him regarding a buyout of Plaintiff's 10% membership interest. Refer to Exhibits 9, 10 and 11 which are incorporated by reference.

91. There were several employees who witnessed Defendant's admission to the fact that

14

Mural Funeral Group needed to buy out Plaintiff's membership interest if Plaintiff's membership interest was to be withdrawn. Refer to Exhibit 10 and 11.

92. AOPA § **7.06 Restrictions on Withdrawal or Dissociation Rights** states:

> A person will remain a Member as long as that person holds any Membership Interest in the Company. As long as a Member continues to hold any Membership Interest in the Company, the Member does not have the ability to withdraw, dissociate, or resign as a Member receive a return of any Capital Contributions before the Company's dissolution and winding up under this Agreement and Applicable Law. A Member does not dissociate, withdraw, or otherwise cease to be a Member because of the Member's bankruptcy or because of any event specified in the Act. A member's withdrawal, dissociation, resignation or attempted withdrawal, dissociation, or resignation before the Company's dissolution or winding up is null and void *ab initio*.

Refer to Exhibit 1 pg 14 of 56.

93. As of June 16, 2023, despite the fact that Defendant unilaterally and arbitrarily terminated Plaintiff's employment with Mural Funeral Group, Plaintiff nevertheless continued to hold his membership interest, because Plaintiff was never bought out of nor was his membership interest in Mural Funeral Group LLC ever withdrawn. Refer to Exhibits 9, 10, 11 and 12 which are incorporated by reference.

94. As of June 16, 2023 Defendant intentionally, willfully and unjustifiably denied Plaintiff access to the Company records, despite the fact that Plaintiff nevertheless continued to be a member of Mural Funeral Group. Refer to Exhibit 9 and 12.

95. As of June 16, 2023 Defendant intentionally, willfully and unjustifiably denied Plaintiff access to the Company bank accounts, despite the fact that Plaintiff nevertheless continued to be a member of Mural Funeral Group LLC. Refer to Exhibit 9 and 12.

96. As of June 16, 2023 Defendant intentionally, willfully and unjustifiably denied Plaintiff access to the Company business operations, despite the fact that Plaintiff nevertheless continued to be a member of the Funeral Group. Refer to Exhibits 9, 10, 11 and 12.

97. As of June 16, 2023 Defendant intentionally, willfully and unjustifiably denied Plaintiff any distributions even though he was a member of Mural Funeral Group LLC. Refer to Exhibit 9.

98. As of June 16, 2023 Defendant intentionally, willfully and unjustifiably never bought out Plaintiff of his membership interest in Mural Funeral Group LLC. Refer to Exhibit 9 and 12.

99. As of June 16, 2023, when Defendant intentionally, willfully and unjustifiably contacted numerous Rabbis from various congregations to spread malicious falsities about Plaintiff so as to damage his 30 year reputation in the funeral business industry.

100. Soon after Plaintiff was terminated from his employment with Mural, Defendant intentionally, willfully and unjustifiably engaged in a smear campaign, maliciously vilifying Plaintiff's professional reputation which he developed working 30 years in the funeral business industry. Refer to Exhibit 13 which is incorporated by reference.

101. On September 12, 2023, Goodman filed a Complaint in the Circuit Court of Cook County against the Defendants Mandel and Mural in a civil action for Injunctive Relief, Breach of Fiduciary Duty, Tortuous Interference with a Business Expectancy, Accounting, Breach of Operating Agreement and Dissolution of a Limited Liability Company, all stemming from Defendant's intentional, willful and unjustifiable interference in Goodman's membership interest in Mural Funeral Group. Refer to Exhibit 2.

102. As part of discovery production, Defendant produced a document clearly showing the malicious financial injury to Plaintiff, resulting from Defendant's intentional, willful and unjustified interference in Plaintiff's contract with Mural Funeral Group LLC. Refer to Exhibit 14 which is incorporated by reference.

103. Defendant produced a document showing that in 2023, the Company produced a W2 for Defendant showing that Defendant doubled his salary at the expense of Plaintiff who did not receive any distributions from Mural Funeral Group LLC. Refer to Exhibit 14 line 10.

104. Defendant's intentional and unjustifiable interference in the contract between Plaintiff and Mural Funeral Group LLC by denying Plaintiff access to the Company's business operations, financial records and business records, facilitated in Defendant's pilfering of Company funds as evidenced in the doubling of Defendant's salary at the expense of Plaintiff not receiving any distributions from Mural Funeral Group LLC.

105. Defendant produced his Schedule K-1 for 2023 showing that in 2023, Defendant's membership interest increased from 45 to 100 shares without Plaintiff being-bought out of his membership interest. Refer to Exhibit 15 which is incorporated by reference.

106. Defendant's Schedule K-1 for 2023 clearly shows the malicious financial injury to Plaintiff resulting from Defendant's intentional and unjustifiable interference with Plaintiff's contract with Mural Funeral Group LLC. Refer to Exhibit 15 which is incorporated by reference.

107. Defendant's intentional and unjustifiable interference in the contract between Plaintiff and Mural by denying Plaintiff access to the Company's business operations, financial records and business records, facilitated the Defendant's embezzlement of Plaintiff's membership shares in Mural Funeral Group LLC.

108. Defendant's Schedule K-1 for 2023 clearly was a falsification of tax reporting because Plaintiff was never bought-out of his membership interest in Mural Funeral Group LLC.

109. Pursuant to AOPA § 3.01, 3.02 and 7.06, Plaintiff remains to have a 10% membership interest in Mural Funeral Group LLC because his membership was never withdrawn or bought out of and as a result had a reasonable expectancy of having a valid business relationship with

17

Mural under the contract between Plaintiff and Mural Funeral Group LLC. Refer to Exhibit 1, Schedule A.

110. Defendant represented not only to Plaintiff but other employees in the spring of 2023 that Mural Funeral Group LLC dba Mitzvah Memorial Funerals was valued at $3,500,000.

111. On September 28, 2023, Defendant identified that Mural Funeral Group LLC had assets in the amount of $2,300,000 just in prepaid funeral insurance policies. Refer to Exhibit 16 which is incorporated by reference.

112. As recently as July 22, 2025, Defendant identified that the assets of Mural Funeral Group LLC in prepaid funerals grew $200,000 in two (2) years to the amount of $2,500,000. Refer to Exhibit 17 which is incorporated by reference.

113. AOPA § **12.13 Membership Interest of Bill Goodman** states:

The Membership Interest of Bill Goodman ("Goodman") in the company shall be an unvested interest and shall not be transferable. Goodman shall pay $ 500 per month for a term of ten (10) years to the remaining Members for the purchase of Membership Interest in the Company. Goodman's Membership Interest shall be fully vested upon ten (10) consecutive years, from the execution of this Agreement, of service to the Company as an active Member. Goodman agrees that the Company is giving an incentive to Goodman by providing interests. In the event Goodman exits the Company, voluntarily or involuntarily, before his Membership Interests vests, the Company shall redeem the Membership Interest at the following values:

Year 0-Year 5: Company shall return any investment made by Goodman.

Year 6-Year 10: Company shall pay fifty percent (50%) of Fair Market Value to Goodman in exchange for all of Goodman's Membership Interest.

Year 11-onward: Company shall pay one hundred percent (100%) of the then current Fair Market Value to Goodman in exchange for all of Goodman's Membership Interest.

Refer to Exhibit 1 pg 29 of 56.

114. Pursuant to AOPA§ 12.13, Plaintiff is entitled to 50% of the Fair Market Value of Mural Funeral Group LLC.

115. The January 1, 2015 Amended and Restated Operating Agreement of Mural Funeral Group LLC is a valid and enforceable contract between Plaintiff and Mural Funeral Group LLC.

116. Plaintiff had a reasonable business expectancy in the valid business relationship and contract with Mural Funeral Group LLC.

117. Defendant Mandel, as managing member of Mural Funeral Group LLC had knowledge and was aware of the contract between Plaintiff and Mural Funeral Group LLC.

118. Defendant intentionally, willfully and unjustifiably induced the breach of contract between Plaintiff and Mural Funeral Group LLC.

119. Defendant's intentional, willful and unjustified conduct caused the breach by Mural Funeral Group LLC of the contract between Plaintiff and Mural.

120. As a direct and proximate cause of Defendant's intentional, willful and unjustified tortuous conduct, Plaintiff suffered damages.

121. Plaintiff has been damaged in the amount of $175,000.

122. The debt of $175,000 owed by Defendant to Plaintiff is nondischargeable under 523 (a)(6) of the Bankruptcy Code.

**WHEREFORE,** Plaintiff Goodman respectfully prays as follows:

A. That this Court declare the debt of $175,000 nondischargeable;

B. The Plaintiff have a judgment against Defendant for $175,000;

C. Attorney fees; and

D. Any other relief as the Court may deem just and equitable.

Respectfully Submitted,

By: _____
Susan S. Barron
Attorney for Plaintiff

LAW OFFICE OF SUSAN S. BARRON PC
Susan S. Barron
Attorney No: 6208744
One Northfield Plaza, Ste 300
Northfield, IL 60093
(847)441-8135
email: susansbarron@gmail.com